### COPLEY *v.* BENTON, Executor, et al.

Where the words of a receipt leave its meaning doubtful, the testimony of witnesses is admissible to explain it.

APPEAL from the District Court of Carroll, *Mayo*, J.  S. W. *Downs*, for the appellant, contended that the parol evidence to explain the receipt was inadmissible, citing 5 Mart. N. S. 251. C. C. 2256.

*Short* and *Drew*, for the defendants. The judgment of the court was pronounced by

KING, J. The plaintiff claims in this action $512 50, for his fee as an attorney, and for costs paid, in a suit instituted by *Martha A. Barton*, as the executrix of her husband. There was a judgment for $4 75 rendered in the court below in favor of the plaintiff, from which he has appealed.

The defence mainly relied on is, that the sum claimed in this suit was included in a receipt given on a general settlement of all accounts, made between the plaintiff and *W. M. Benton.* The language of a part of that receipt left the meaning of the instrument doubtful, and a witness was called to explain the intention of the parties. The introduction of this testimony was opposed by the plaintiff, but the grounds of objection are not stated in the bill of exceptions. It was clearly admissible to explain the receipt. 8 Mart. N. S. 542, and authorities there cited. The testimony of this witness appears to have satisfied the district judge that the sums now claimed were included in the settlement and receipt, and we are not prepared, on this question of fact, to dissent from the conclusion at which he arrived. The witness is uncontradicted; his veracity is not impeached; and the judge below, who heard him testify, seems to have based his judgment upon his testimony.

*Judgment affirmed.*